IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRELL L. STEWART, JR.,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 13-cv-1187-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Darrell L. Stewart's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Stewart's motion.

**1. Background**

On October 31, 2011, Stewart entered a plea of guilty to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). *United States v. Stewart*, Case No. 11-cr-30107-WDS, Docs. 23 & 25. Stewart entered into a plea agreement with the Government that explained that "[t]he statutory mandatory minimum and possible maximum sentences is 15 to 100 years imprisonment." Doc. 25, p. 6 in criminal case. Stewart's signature and initials to changes appear on the plea agreement. Doc. 25, pp. 6, 13 in criminal case.

Magistrate Judge Stephen C. Williams accepted Stewart's plea. *See* Doc. 46 in criminal case. The following are the relevant portions of Stewart's change of plea hearing:

> THE COURT: I want to make sure that you understand what the possible consequences are of your guilty plea here today, Mr. Stewart.
> First of all, as to Counts 1, 2, and 3, there is a mandatory minimum term of imprisonment on each count of not less than 15 years in prison, up to a maximum of

30 years in prison, on each count. A fine of up to $250,000 on each count. A term of supervised release of not less than five years, up to a maximum of life, on supervised release following any term of imprisonment. And a $100 mandatory special assessment.

Do you understand those possible consequences if convicted on Counts 1, 2, and/or Count 3?

THE DEFENDANT: Yes, I do, Your Honor.

. . .

THE COURT: Okay. Now when you add all of those counts together, Mr. Stewart, there is a mandatory minimum term of imprisonment of not less than 15 years, up to a maximum of 100 years imprisonment. Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor.

. . .

THE COURT: Mr. Stewart, has anyone threatened you or forced you in any way to plead guilty in this case?

THE DEFENDANT: No, they have not, Your Honor.

THE COURT: Has anyone, including your attorney, made any prophecy or promise as to what your sentence will or will not be?

THE DEFENDANT: No, they have not, Your Honor.

. . .

THE COURT: Nevertheless although this is an open plea, I have been presented a document entitled Defendant's agreement to plead guilty. It is a 13-page document. I'm going to hand it to you, and I'm going to ask you some questions about it. But I also want to know that there were some changes to one sentence on Page 6 of this document. So first, I want you to take a look at the document at Page 13.

First of all, Mr. Stewart, is that your signature on Page 13 of this Defendant's agreement to plead guilty on the line that says Darrell Stewart, Junior, Defendant?

THE DEFENDANT: Yes, it is, Your Honor.

THE COURT: And did you read this document before you signed it?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: And did you discuss it with Mr. Stern before you signed it?

THE DEFENDANT: Yes, we have, Your Honor.

THE COURT: You believe you understand everything contained in this agreement to plead guilty?

THE DEFENDANT: Yes, Your Honor

THE COURT: Mr. Stewart, the entire document is important, but there are just a couple of things that I wanted to go over with you.

First of all, there is a guidelines calculation contained on Paragraph 4, and essentially it says - - and that is Page 6, I'm sorry, Paragraph 4, Page 6. It says that the advisory guidelines range is going to be a range of life. Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor

THE COURT: However, in this case there is a statutory mandatory minimum and possible maximum sentence - - or, I'm sorry - - there is a statutory mandatory minimum and possible maximum sentence of 15 to 100 years imprisonment. Do you understand that?

>THE DEFENDANT: Yes, I do, Your Honor.
>THE COURT: So you understand that regardless of anything that's contained in the guideline range, you cannot get less than 15 years nor can you get more than 100 years? Do you understand that?
>THE DEFENDANT: Yes, Your Honor.
>THE COURT: And do you further understand that on the basis of this plea that we're taking here today, the District Judge could sentence you up to the maximum permitted by law, or in this case 100 years imprisonment? Do you understand that?
>THE DEFENDANT: Yes, I do, Your Honor.

Doc. 46, pp. 16, 18-23 in criminal case.

Based on an offense level of 43 and a criminal history category of III, Stewart's guideline range was life imprisonment. The statutory maximum, however, was 30 years for each of the production of child pornography charges and 10 years for the possession of child pornography charge. On February 24, 2012, the Honorable William D. Stiehl sentenced Stewart to a total term of 40 years imprisonment as follows: (1) 360 months imprisonment on each count of production of child pornography to run concurrently; and (2) 120 months imprisonment on the one count of possession of child pornography to run consecutively to the 360-month sentence for production of child pornography. Doc. 33 in criminal case. Judgment was entered on February 27, 2012. Doc. 35 in criminal case. Attorney James M. Stern represented Stewart through his plea and sentencing.

Stewart filed a direct appeal of his sentence, and his appointed appellate counsel filed an *Anders* brief noting that the appeal was frivolous. *See United States v. Stewart*, 501 F. App'x 576, 576 (7th Cir. 2013). Stewart did not respond to counsel's *Anders* brief, and he informed counsel he did not want his guilty plea set aside. *Id*. As such, the Seventh Circuit limited its review to the reasonableness of Stewart's sentence. *Id*. at 577. Considering the guideline range was life imprisonment, any sentence would have been presumptively reasonable. *Id*. On February 22, 2013, the Seventh Circuit found the sentence reasonable and dismissed Stewart's appeal. *Id*. Stewart did not apply for a writ of certiorari to the Supreme Court of the United States.

Stewart's § 2255 motion was timely filed on November 18, 2013.  He collaterally attacks his sentence on one ground, alleging that counsel was ineffective during plea negotiations for failing to inform Stewart that the Court could impose the sentence for possession of child pornography consecutive to the sentence for production of child pornography.  As a result, Stewart contends he entered the plea believing he would face a maximum sentence of thirty years.  Specifically, Stewart alleges Stern explained to him "that by pleading guilty to each count because they were the same course of conduct each sentence had to be ran together and or concurrent and that based on that there was no way he could be sentenced to more then (sic) (30) thirty years." Doc. 1-1, p. 4.  The Court will now consider whether Stewart is entitled to relief.

2. **Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.  They are rarely appropriate for direct review since they often turn on

events not contained in the record of a criminal proceeding. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Fountain v. United States*, 211 F.3d 429, 433-34 (7th Cir. 2000). In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 motion.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the

5

wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Here, Stewart has alleged that Stern told him he would face a maximum 30-year sentence, when he actually faced a 100-year sentence. These allegations, taken as true, may satisfy the first prong of the *Strickland* test. Stewart, however, fails to satisfy the second prong of the *Strickland* test. Even if Stern advised Stewart he would only face a thirty-year sentence, Stewart was not prejudiced. Both the plea agreement signed by Stewart and the change of plea hearing conclusively show that Stewart knew he faced a 15- to 100-year sentence upon pleading guilty. After reading the plea agreement and discovering that he faced a 15- to 100-year sentence, Stewart had the opportunity to reject the plea agreement. Again, at the change of plea hearing, Stewart had the opportunity to reject the plea agreement after Magistrate Judge Williams explained that he faced a 15- to 100-year sentence. The Court further notes that Stewart represented to Magistrate Judge Williams that Stern had not "made any prophecy or promise as to what [Stewart's] sentence [would]

or [would] not be." Because Stewart cannot establish he suffered prejudice by any alleged misadvice from counsel, the Court denies Stewart's § 2255 motion.

   3. **Certificate of Appealability**

Having denied Stewart's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a Petitioner has made a substantial showing of the denial of a constitutional right. Stewart has made no such showing. Rather, it is clear from the record that Stewart was aware of his potential sentence upon entry of his guilty plea. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

   4. **Conclusion**

Accordingly, this Court **DENIES** Stewart's § 2255 motion (Doc. 1) and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

   **IT IS SO ORDERED.**

   **DATED:** December 2, 2013

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**